IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ELENA OVCHINNIKOVA, | ) | Case No. 1:04CV1357 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| JAMES SKOLSKY, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

This is a wrongful death action filed by the estate of Elena Ovchinnikova ("the Estate"), a Russian citizen, against various parties involved in a fatal motor vehicle accident. Plaintiff Dale R. Friedland, administrator of the Estate, seeks declaratory relief and/or compensatory damages for Ms. Ovchinnikova's death. The Estate names as defendants: James Skolsky ("Skolsky") and David Feher ("Feher"), citizens of Ohio; Infinity Radio. Inc. ("Infinity"), owners of 92.3 FM "Extreme Radio" in Cleveland; Peabody's Concert Club ("Peabody's"); Zone Cab Corporation; and Paratransit Insurance Company ("Paratransit") of Memphis, Tennessee. Now before the court are motions for summary judgment under Federal Rule of Civil Procedure 56(c), filed by Infinity, as defendant and cross-claimant (Docket No. 43), and by Peabody's (Docket No. 41). For the following reasons, the court grants Infinity's motion and denies the motion filed by Peabody's.

**I. Background**

On November 20, 2003, Elena Ovchinnikova flew from her native Russia to Cleveland, for a training seminar conducted by her employer. At Cleveland Hopkins airport, Ovchinnikova entered a taxicab owned by Zone, and leased to and driven by Feher, an independent contractor.

While traveling from the airport to the Intercontinental Hotel, the vehicle was struck by a driver, Skolsky, traveling on the wrong side of the road and at a high rate of speed. Upon impact, Ovchinnikova was ejected from the vehicle, and on to the sidewalk. She died instantly. Feher was critically injured and remained in a coma until July of 2004, when he died.

Skolsky did not own the vehicle he was driving, nor did he have an automobile liability insurance policy. Skolsky's passenger and the owner of the vehicle, Jason Robertson, was insured by Progressive Insurance with a maximum policy limit of $50,000, which sum was paid to the Estate. Robertson has also settled the Estate's personal claims against him and been removed from the proceedings.

In seeking recovery against the remaining defendants, the Estate alleges that Infinity "encouraged" ticket holders for a concert held November 30 to attend Peabody's, that Skolsky was a ticket holder and did so, and that Peabody's served Skolsky alcohol despite his apparent gross intoxication. The Estate also alleges that Feher, "operating or using a Zone cab vehicle with Zone cab's permission," was not wearing a seatbelt "which may have prevented him from being thrown from the cab and losing control of same," and that he "may have been driving at a speed in excess of the posted speed limit." Finally, the Estate contends that it is entitled to declaratory judgment and damages pursuant to Paratransit's obligation to provide uninsured/underinsured ("UM/UIM") motorist coverage under Ohio Revised Code § 3937.18.

## II. Discussion

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir.2004).

If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. Determination of whether an issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the court must decide whether the evidence is such that "reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252.

**A. Infinity's Motion**

Infinity claims that no genuine issue of material fact exists regarding its involvement, or lack thereof, in Skolsky's intoxication and subsequent reckless driving. Infinity also seeks an award of summary judgment on its cross-claim, for contribution and/or indemnification and/or subrogation in the event that Infinity is found to be liable for any of the Estate's damages.

The crux of Infinity's argument is that it was in no way involved with the serving of alcohol to Skolsky, and that it did not owe a duty of care to Ovchinnikova. Infinity contends that the cross-promotion of its "Nitemare before X-mas" event with Peabody's did not create an agency relationship sufficient to create such a duty, or to justify the imposition of liability under either the common law or Ohio's Dram Shop Act, O.R.C. § 4399.18.

The court finds that Infinity has carried its burden to demonstrate the lack of genuine issues of material fact on these issues. The text of the Dram Shop Act clearly specifies that its provisions apply solely against "liquor permit holder[s]" and their employees. The Estate does not attempt to argue that Infinity belongs to either category. As a concert organizer and promoter, Infinity argues that it does not participate in the sale of spirituous liquors. This contention is supported fully by the record in this case, which shows that, on November 20, 2003, Skolsky consumed liquor at his residence, at Rascal House restaurant, and at Peabody's. None of these locations is owned, controlled, or staffed by Infinity.

Recovery against Infinity is likewise impossible under common-law tort principles. The lack of control over the provision of liquor to Skolsky leads inexorably to the conclusion that Infinity bore no duty of care to the decedent. Ohio tort law limits recovery to those who have been the victims of a tortfeasor owing them some legally cognizable duty of care. The first element of a *prima facie* case under Ohio tort law is therefore a showing that the defendant owed such a duty. Even a plaintiff alleging simple negligence "must prove that the defendant owed the plaintiff a duty, that the defendant breached

that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty." *Cooperider v. Peterseim*, 103 Ohio App. 3d 476, 479 (Ohio Ct. App. 1995)(citing *Mussivand v. David*, 544 N.E.2d 265, 269 (Ohio 1989)).

The Estate's claim against Infinity fails at the very first step of this inquiry. The complaint limits its allegations to stating that Infinity held a concert, that Peabody's promoted said concert, and that "James Skolsky had a ticket for the ... concert which allowed [him] to consume alcohol at Peabody's ... prior to the accident." While the complaint proceeds to claim that Peabody's violated its "statutory duty to the public," no such breach of duty is alleged against Infinity. Given the Estate's failure to properly plead a tort violation, and the aforementioned lack of any connection between Infinity's activities and the events of November 30, 2003, no genuine issue of material fact can be said to remain on the claims against Infinity.

**B. The motion filed by Peabody's**

By contrast, the court finds that a number of genuine issues of material fact remain regarding the Estate's claims against Peabody's. Peabody's is, of course, a permit holder subject to liability under the Dram Shop Act. As noted *supra*, the Estate properly claims a violation of a duty of care owed by Peabody's to third persons affected by the actions of its patrons, as set forth in O.R.C. § 4301.22(B).("No permit holder and no agent or employee of a permit holder shall sell or furnish beer or intoxicating liquor to an intoxicated person.")

In support of its motion for summary judgment, Peabody's argues that it cannot be found liable unless its employees both served Skolsky liquor and knew that Skolsky was intoxicated when he was served. These are fairly uncontroversial assertions, and the Estate does not dispute the standard of review for negligence actions or actions pursued under the Dram Shop Act. However, Peabody's has

not carried its burden as movant to demonstrate the lack of evidence establishing the specific knowledge of its employees on November 30, 2003.

The Estate draws the court's attention to contentions by Peabody's management that they cannot remember which employees worked the shift during which Skolsky was served, and that the security videotapes for November 30, 2003, have been erased. It is beyond question that a party seeking summary judgment may not cite its own failure to produce evidence as indicative of a lack of material factual dispute. Moreover, the Estate argues compellingly that the evidence Peabody's has produced raises genuine questions concerning the training of the establishment's bar staff.

It is therefore clear that the Estate has carried its burden in response to the motion filed by Peabody's, and demonstrated to the court's satisfaction that sufficient evidence might yet be produced to convince a reasonable factfinder that a Peabody's employee served Skolsky alcohol despite his intoxication – *i.e.*, that Peabody's is in some part liable for the fatal accident.

### III. Conclusion

For the foregoing reasons, the court grants summary judgment in favor of Infinity, and releases it from the case. The court denies the motion for summary judgment filed by Peabody's, and instructs the remaining parties to complete discovery in preparation for trial. A conference will be held for the purpose of setting a new trial date on March 31, 2006, at 11:30 a.m., in Chambers 17b, United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio.

With respect to Infinity, this order is final and appealable.

IT IS SO ORDERED.

                                              /s/ Ann Aldrich
                                              ANN ALDRICH
                                              UNITED STATES DISTRICT JUDGE

Dated: March 13, 2006